**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 109108

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY M VETRANO, <br><br> Plaintiff, <br><br> vs. <br><br> NORTHSTAR LOCATION SERVICES, LLC, <br><br> Defendant. | Docket No: <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

ANTHONY M VETRANO (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against NORTHSTAR LOCATION SERVICES, LLC (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and New York General Business Law ("NYGBL") § 349.

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York.

6. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7. On information and belief, Defendant's principal place of business is located in Cheektowaga, New York.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

12. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

13. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written letters dated June 2, 2014, July 7, 2014, July 21, 2014, and August 4, 2014. ("Exhibit 1.")

14. Defendant's written letters to Plaintiff are a "communication" as defined by 15 U.S.C. § 1692a(2).

15. As set forth in the following Counts, Defendant's communications violated the FDCPA and NYGBL.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## FIRST COUNT
### Violation of 15 U.S.C. § 1692f
### Disclosure of Plaintiff's Account Number

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

17. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

18. 15 U.S.C. § 1692f(8) limits the language and symbols that a debt collector may place on envelopes it sends to consumers.

19. 15 U.S.C. § 1692f(8) prohibits a debt collector from using any language or symbols on the envelope, other than the debt collector's address, when communicating with a consumer by mail, except that a debt collector may place its business name on the envelope if such name does not indicate that the debt collector is in the debt collection business.

20. 15 U.S.C. § 1692f(8)'s prohibition applies to language and symbols both on the envelope, and language and symbols visible through any glassine window of the envelope. *See, Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3rd Cir 2014).

21. 15 U.S.C. § 1692f(8) prohibits a debt collector's disclosure of the debtor's account number on the envelope. *Id.*

22. 15 U.S.C. § 1692f(8) prohibits a debt collector's disclosure of the debtor's account number by making such visible through any glassine window of the envelope. *Id.*

23. Defendant assigned Plaintiff account number XXXX1823.

24. Defendant disclosed Plaintiff's account number in its letters dated June 2, 2014, July 7, 2014, July 21, 2014, and August 4, 2014, to Plaintiff by placing such on the envelope, or making such visible through the glassine window of the envelope.

25. Defendant has violated § 1692f by disclosing Plaintiff's account number in its mailing to Plaintiff.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

26. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

27. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

28. One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

29. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

30. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

31. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

32. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

33. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

34. Defendant's letter fails to explicitly identify the name of the creditor to whom the debt is owed.

35. Although Defendant's June 2, 2014 letter identifies a "Creditor," it fails to explicitly identify a "Current Creditor."

36. Defendant's June 2, 2014 letter states as the "Creditor," "BARCLAYS BANK DELAWARE/BARCLAYCARD ASPIRING PRIME."

37. The least sophisticated consumer would likely be confused as to whom the debt is owed.

38. The least sophisticated consumer would likely be uncertain as to whom the debt is owed.

39. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

40. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

41. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

42. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

43. Defendant has violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

## THIRD COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations as to the Name of the
### Creditor to Whom the Debt is Owed

44. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

45. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

46. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

47. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

48. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

49. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

50. Because the collection letter in the instant case is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

51. The least sophisticated consumer would likely be deceived by Defendant's conduct.

52. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

53. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## FOURTH COUNT
## Violation of 15 U.S.C. § 1692g
## Validation of Debts

54. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

55. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

56. The written notice must contain the amount of the debt.

57. The written notice must contain the name of the creditor to whom the debt is owed.

58. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

59. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

60. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

61. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

62. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

63. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

64. A collection activity or communication overshadows or contradicts the validation

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

65. Here, Defendant's June 2, 2014 letter provides that Plaintiff's account is in a "pre-legal status."

66. Defendant's letter provides, "Please be advised that our collection efforts are the last step before this account will be closed and returned to Barclays Bank Delaware, who will forward the account to an attorney network."

67. Defendant's statement would likely make the least sophisticated consumer uncertain as to her rights.

68. Defendant's statement would likely make the least sophisticated consumer confused as to her rights.

69. Defendant's statement would likely make the least sophisticated feel threatened.

70. Defendant's statement would likely make the least sophisticated feel intimidated.

71. Defendant's statement would likely lead the least sophisticated consumer believe that if payment is not issued, legal action is imminent.

72. There is no reason Defendant would include the statement in their letter other than to invoke fear, intimidation, and confusion.

73. There is no reason Defendant would include the statement in their letter other than to invoke fear, intimidation, and confusion to make the least sophisticated consumer pay the alleged debt rather than invoke her validation rights.

74. Defendant's statement overshadows the consumer's right to seek validation of the debt.

75. Defendant's statement overshadows the consumer's right to dispute the debt.

76. Defendant has violated § 1692g as the above-referenced language overshadows the information required to be provided by that Section.

### Violation of 15 U.S.C. § 1692e(5) and (10)
### Threat to Take Legal Action that Cannot Legally be Taken or
### that is not Intended to be Taken

77. 15 U.S.C. § 1692e(5) prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

78. Defendant's letter provides, "Please be advised that our collection efforts are the last step before this account will be closed and returned to Barclays Bank Delaware, who will

7

forward the account to an attorney network."

79. Defendant's letter provides, "Please be advised that our collection efforts are the last step before this account will be closed and returned to Barclays Bank Delaware, who will forward the account to an attorney network," which is false.

80. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

81. Defendant's statement, as described above, is false.

82. Defendant's statement, as described above, is deceptive.

83. The least sophisticated consumer would likely be deceived by Defendant's conduct.

84. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

85. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### FIFTH COUNT
### Violation of New York General Business Law § 349

86. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

87. Defendant owed a duty to Plaintiff to effect its collection of Plaintiff's alleged debt with reasonable care.

88. Defendant's conduct as described herein shows a lack of exercise of reasonable care in Defendant's collection of the alleged debt.

89. Defendant breached its duty to collect Plaintiff's alleged debt with reasonable care.

90. Defendant's conduct was committed by Defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NY GBL § 349(a).

91. Defendant's conduct was consumer-orientated in that the letter was sent in an effort to collect an alleged consumer debt.

92. Defendant's conduct has a broader impact on consumers at large as, upon information and belief, Defendant has sent the subject form letter to hundreds of consumers.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

93. Plaintiff is a reasonable consumer.

94. Defendant's conduct would mislead a reasonable consumer.

95. Defendant engaged in a material deceptive act or practice as described herein.

96. Defendant's conduct caused plaintiff to suffer injury.

97. Defendant violated NY GBL § 349(a) and is liable to Plaintiff pursuant to NY GBL § 349(h).

## JURY DEMAND

98. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages of $1,000.00 against Defendant pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Damages against Defendant pursuant to NYGBL § 349; and

d. Plaintiff's actual damages; and

e. Plaintiff's costs; all together with

f. Such other relief that the Court determines is just and proper.

DATED: May 28, 2015

**BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_____
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 109108

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530